REINHARDT, Circuit Judge:
 

 Pursuant to section 330 of the Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, 92 Stat. 2549 (codified as amended at 11 U.S.C. §§ 101-15326 (1982)), appellant Luce, Forward, Hamilton & Scripps (“Luce, Forward”) petitioned the bankruptcy court for the recovery of legal fees incurred in the handling of the Chapter 11 reorganization of Nucorp Energy, Inc. The bankruptcy court awarded recovery of the entire amount requested with the sole exception of compensation for time devoted to the preparation and presentation of the attorneys’ fee applications. The district court affirmed the bankruptcy court’s decision to disallow compensation for services related to fee application preparation. On appeal, Luce, Forward contends that the denial of compensation for the reasonable value of services rendered in the preparation and presentation of attorneys’ fee applications contravenes both the letter and spirit of the Bankruptcy Reform Act of 1978. We agree.
 

 I. FACTS
 

 On July 27, 1982, Nucorp Energy, Inc. (“Nucorp”) and 27 of its affiliates commenced separate Chapter 11 cases in the bankruptcy court for the Southern District of California. At the time the cases were commenced, the affiliated debtors comprised a business enterprise with locations throughout the United States and with approximately 2,000 employees. The debtors had assets and liabilities totalling hundreds of millions of dollars and several outstanding issuances of public debt and securities.
 
 *657
 
 They continued to operate as debtors in possession upon the filing of the Chapter 11 petitions.
 

 The bankruptcy court authorized the employment of Luce, Forward as General Corporate Counsel and Co-Bankruptcy Counsel to each of the debtors in possession. From commencement of the reorganization until February 11,1983, when a Chapter 11 trustee was appointed, Luce, Forward rendered some 6,500 hours of professional services to Nucorp and its various affiliates. Luce, Forward submitted to the bankruptcy court bi-monthly applications for compensation for services rendered and costs incurred. Interim fee allowances were made by the bankruptcy court granting to Luce, Forward the full amount requested in each of the fee applications. In its final fee application, Luce, Forward requested $248,403 as compensation for professional services rendered, $18,596 as reimbursement for incurred costs, and $18,750 as compensation for time spent preparing and presenting the fee applications.
 

 The bankruptcy court awarded Luce, Forward compensation for services rendered and reimbursement for incurred costs in the full amounts requested, but denied the law firm compensation for preparation and presentation of the fee applications. The bankruptcy court also denied Luce, Forward’s motion for reconsideration. The sole basis for the bankruptcy court’s decision to deny the requested compensation was that, “as a matter of appropriate professional and public policy,” services related to fee application preparation ought not be compensable. In the course of the hearing on the motion for reconsideration, the bankruptcy judge remarked that time devoted to fee application preparation should not be compensable because such efforts benefit only the law firm and not the estate. The judgment of the bankruptcy court was summarily affirmed without explanation by the district court. No opposition was offered to Luce, Forward’s request for compensation either below or on appeal.
 
 [1]
 

 II. DISCUSSION
 

 A bankruptcy court's award of attorneys’ fees will not be disturbed on appeal absent an abuse of discretion or an erroneous application of the law.
 
 See Southwestern Media, Inc. v. Rau,
 
 708 F.2d 419, 422 (9th Cir.1983);
 
 In re York International Building, Inc.,
 
 527 F.2d 1061, 1068 (9th Cir.1975). Luce, Forward contends that the bankruptcy court’s decision to disallow compensation for services related to the preparation and presentation of attorneys’ fee applications was based on an erroneous construction of 11 U.S.C. § 330, the statutory provision governing reimbursement to counsel in bankruptcy proceedings. We review
 
 de novo
 
 such questions of law.
 

 When Nucorp filed its petition, section 330(a)(1) of the Bankruptcy Reform Act authorized the court to award “reasonable compensation for actual, necessary services” rendered to a bankruptcy estate by an attorney and other officers of the estate. The amount of compensation was to be “based on the time, the nature, the extent, and the value of the services and the cost of comparable services” in non-bankruptcy cases. 11 U.S.C. § 330(a)(1).
 
 [2]
 

 
 *658
 
 In promulgating the Bankruptcy Reform Act, Congress made clear its intent to ensure competent representation of debtors by requiring compensation of “attorneys and other professionals serving in a case under Title 11 at the same rate as the attorney or other professional would be compensated for performing comparable services” in non-bankruptcy cases. 124 Cong.Rec. H32,394 (1978) (statement of Rep. Edwards); 124 Cong.Rec. S33,994 (1978) (statement of Sen. DeConcini). In particular, Congress sought to repudiate a series of judicial decisions which had held that the compensation of attorneys in bankruptcy proceedings was subject to the overriding concern, unique to bankruptcy cases, of preserving the estate. Section 330 of the Bankruptcy Reform Act was intended to overrule the judicially fashioned doctrine of “economy of the estate” and to ensure adequate compensation for bankruptcy attorneys so that highly qualified specialists would not be forced to abandon the practice of bankruptcy law in favor of more remunerative kinds of legal work:
 

 The effect of the last provision [section 330’s requirement that compensation be commensurate with that awarded in non-bankruptcy cases] is to overrule
 
 In re Beverly Crest Convalescent Hospital, Inc.,
 
 548 F.2d 817 (9th Cir.1976, as amended 1977), which set an arbitrary limit on fees payable, ... and other, similar cases that require fees to be determined based on notions of conservation of the estate and economy of administration. If that case were allowed to stand, attorneys that could earn much higher incomes in other fields would leave the bankruptcy arena. Bankruptcy specialists, who enable the system to operate smoothly, efficiently, and expeditiously, would be driven elsewhere, and the bankruptcy field would be occupied by those who could not find other work and those who practice bankruptcy law only occasionally almost as a public service.
 

 H.R.Rep. No. 595, 95th Cong., 1st Sess. 330,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6286 [hereinafter cited as House Report].
 

 The Bankruptcy Reform Act thus directs courts to compensate attorneys for “actual, necessary” services that are normally compensable in other types of cases. Therefore, in reviewing the propriety of the bankruptcy court’s decision to disallow compensation for services related to fee application preparation, it is necessary to determine whether such services are “actual and necessary” and whether they are compensable in non-bankruptcy cases.
 

 A.
 
 The Preparation and Presentation of Attorneys’ Fee Applications in Bankruptcy Cases Are “Actual and Necessary Services”
 

 Attorneys are statutorily obligated to submit to the bankruptcy court a detailed accounting of all services rendered to the bankruptcy estate.
 
 See
 
 11 U.S.C. § 329(a); Fed.R.Bankr. 2016. Our decisions have consistently recognized that debtors’ counsel are required to maintain and present to the bankruptcy court meticulously accurate time records of all services rendered to the estate as a necessary prerequisite to the recovery of attorneys’ fees under the Bankruptcy Act.
 
 See, e.g., Southwestern Media,
 
 708 F.2d at 428 n. 16;
 
 In re Beverly Crest Convalescent Hospital,
 
 548 F.2d 817, 820 (9th Cir.1976);
 
 York International Building,
 
 527 F.2d at 1069. The detailed fee applications enable the bankruptcy court to fulfill its obligation to examine carefully the requested compensation in order to ensure that the claimed expenses are justified.
 

 
 *659
 
 We agree with Luce, Forward’s claim that it is both inconsistent with the express policy of the Bankruptcy Reform Act and fundamentally inequitable to impose substantial requirements on bankruptcy counsel as prerequisites to their obtaining compensation while simultaneously denying compensation for the efforts necessary to comply with those requirements. The preparation and presentation of the detailed fee applications required by the bankruptcy court necessarily involve substantial investments of time and effort from both counsel and their staffs.
 
 [3]
 
 To require counsel to devote considerable time to the preparation of fee applications, but to demand that they absorb the substantial cost associated therewith, would be to ignore the direct mandate of section 330(a) that reasonable compensation be provided for all “actual, necessary” services rendered by bankruptcy counsel. Our view is consistent with that recently expressed by the Fifth. Circuit: “We have long
 
 required
 
 an attorney to file a detailed account of the legal services he provided the bankrupt in order to recover any compensation at all for his services. It would be unduly penurious to require such an accounting without granting reasonable compensation.”
 
 Rose Pass Mines, Inc. v. Howard,
 
 615 F.2d 1088, 1093 (5th Cir.1980) (per curiam) (emphasis in original) (citation omitted);
 
 accord In re Braswell Motor Freight Lines, Inc.,
 
 630 F.2d 348, 351 (5th Cir.1980) (attorneys are entitled to reasonable compensation for preparation of fee application).
 
 [4]
 

 We find unpersuasive the bankruptcy court’s suggestion that time devoted to the preparation of attorneys’ fee applications is not compensable because such services benefit only the law firm and not the estate. The preparation of complex and burdensome fee applications is statutorily required of all counsel who seek compensation for the representation of debtors in bankruptcy. Detailed billing information is of importance to all parties, as well as to the court. Thus, the work involved in complying with those requirements constitutes “actual and necessary” services.
 
 [5]
 

 B.
 
 Non-Bankruptcy Counsel Generally are Compensated for Comparable Services
 

 We next examine whether the services at issue are normally compensable. Congress has made it clear that the compensation of bankruptcy counsel should be commensurate with that awarded to non-bankruptcy attorneys for “comparable services.” We therefore must determine what services are comparable to the preparation and presentation of fee applications in bankruptcy proceedings. An attorney’s work in obtaining an award from the court involves a somewhat different process, and ordinarily far more time, than is required simply to dun the ordinary client. Accordingly, we find the closest parallel to be the time that attorneys spend calculating and justifying their fees in other types of cases in which fees are awarded by the court. Most of those cases involve fees that are expressly provided for by statute.
 

 In statutory fee cases, federal courts, including our own, have uniformly held
 
 *660
 
 that time spent in establishing the entitlement to and amount of the fee is compensable. In
 
 Southeast Legal Defense Group v. Adams,
 
 657 F.2d 1118, 1126 (9th Cir.1981), we construed the Civil Rights Attorney’s Fees Awards Act of 1976, Pub.L. No. 94-559, 90 Stat. 2641 (codified as amended at 42 U.S.C. § 1988) (“Fees Act”), as implicitly authorizing compensation for time devoted to either the pursuit or the defense of an appeal challenging the district court’s award of attorneys’ fees. We reasoned that time spent litigating the proper amount of a fee award should be compen-sable because “[i]t would be inconsistent with the purpose of the Fees Act to dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightful claim to the fee.”
 
 Id.
 
 (quoting
 
 Lund v. Affleck,
 
 587 F.2d 75, 77 (1st Cir.1978));
 
 see also Spain v. Mountanos,
 
 690 F.2d 742, 747 (9th Cir.1982) (§ 1988 implicitly authorizes compensation for time devoted to litigation in order to collect fee award);
 
 Stanford Daily v. Zurcher,
 
 64 F.R.D. 680, 683-84 (N.D.Cal.1974) (refusal to award fees for services related to collection would improperly dilute initial fee award),
 
 aff'd,
 
 550 F.2d 464 (9th Cir.1977) (per curiam),
 
 rev’d on other grounds,
 
 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978).
 

 Our analysis under section 1988 of the Fees Act applies with equal force to other statutory fee award provisions. In fact, we have already applied it in the case of at least one other such provision. In
 
 Manhart v. City of Los Angeles, Department of Water and Power,
 
 652 F.2d 904, 909 (9th Cir.1981),
 
 vacated on other grounds,
 
 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983), we concluded that time devoted to litigating the propriety of the fee award is compensable under the attorneys’ fee provision of Title VII, 42 U.S.C. § 2000e-5(k). We again emphasized that “[i]t would be inconsistent to dilute an award of fees by refusing to compensate an attorney for time spent to establish a reasonable fee.”
 
 Id.
 

 Other circuit courts have similarly concluded that statutory fee award provisions should be read as authorizing compensation for time spent litigating fee awards. Courts have consistently awarded such compensation in cases under: (1) the Civil Rights statutes, 42 U.S.C. § 1988 (Fees Act),
 
 see, e.g., Johnson v. Mississippi,
 
 606 F.2d 635, 637-38 (5th Cir.1979);
 
 Bagby v. Beal,
 
 606 F.2d 411, 415-16 (3d Cir.1979);
 
 Gagne v. Maher,
 
 594 F.2d 336, 344 (2d Cir.1979),
 
 aff'd,
 
 448 U.S. 122, 100 S.Ct, 2570, 65 L.Ed.2d 653 (1980);
 
 Weisenberger v. Huecker,
 
 593 F.2d 49, 53-54 (6th Cir.),
 
 cert. denied,
 
 444 U.S. 880, 100 S.Ct. 170, 62 L.Ed.2d 110 (1979);
 
 Lund v. Affleck,
 
 587 F.2d 75, 77 (1st Cir.1978); (2) the Fair Housing Act of 1968, Pub.L. No. 90-284, § 812(c), 82 Stat. 88 (codified at 42 U.S.C. § 3612(c) (1982)),
 
 see Hairston v. R & R Apartments,
 
 510 F.2d 1090 (7th Cir.1975) (attorney entitled to a reasonable fee under section 3612(c)); and (3) Title VII, 42 U.S.C. § 2000e-5(k),
 
 see Prandini v. National Tea Co.,
 
 585 F.2d 47, 52-53 (3d Cir.1978).
 

 The Third Circuit carefully explained why compensating attorneys for the time spent in fee litigation is necessary to effectuate the objectives underlying most attorneys’ fee statutes:
 

 If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney’s effective rate for all the hours expended on the case will be correspondingly decreased. Recognizing this fact, attorneys may become wary about taking Title VII cases, civil rights cases, or other cases for which attorneys’ fees are statutorily authorized. Such a result would not comport with the purpose behind most statutory fee authorizations,
 
 viz,
 
 the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies. Indeed, courts have consistently held that attorneys may be awarded, under statutory fee authorizations, compensation for the expenses of and time spent litigating the issue of a reasonable fee — i.e. for time spent on the fee application and successful fee appeals.
 

 
 *661
 

 Prandini,
 
 585 F.2d at 53 (citations omitted). The rationale expressed by the Third Circuit in
 
 Prandini
 
 has been adopted by us,
 
 see, e.g., Southeast Legal Defense Group,
 
 657 F.2d at 1126;
 
 Manhart,
 
 652 F.2d at 909, as well as others,
 
 see, e.g., Lund v. Affleck,
 
 587 F.2d at 77.
 

 Courts have awarded attorneys compensation in statutory fee award cases for time spent in preparing the fee application as well as in actually litigating the amount of the fee.
 
 See, e.g., Bagby v. Beal,
 
 606 F.2d at 416;
 
 Lund v. Affleck,
 
 587 F.2d at 77;
 
 Prandini,
 
 585 F.2d at 53. In
 
 Bagby,
 
 the Third Circuit said that “the policies behind statutory
 
 fee
 
 awards apply equally to time spent preparing the fee petition and time devoted to litigating the amount of the award at the fee hearing.” 606 F.2d at 416. The Third Circuit’s reasoning is persuasive. If attorneys were compensated only for time spent litigating the amount of the fee to which they are entitled, but not for time spent determining the amount, then the overall rate of compensation would be effectively decreased for all hours devoted to the case. That is precisely the result that statutory fee award provisions are designed to prevent.
 
 See Prandini,
 
 585 F.2d at 53. Under the rationale that the courts have employed, it does not matter whether the fee issue becomes a subject of litigation or not. Compensation is required even where the application is uncontested and the time involved is spent solely on preparation of the application.
 
 See id.
 
 at 54 n. 8.
 

 We recognize that there are certain fee award cases in which federal courts have held that attorneys are not entitled to receive compensation for time spent in fee litigation. Those are primarily, if not exclusively, cases in which attorneys’ fees are not authorized by statute but an attorney has benefited an entire class of litigants.
 
 See, e.g., Alyeska Pipeline Service Co. v. Wilderness Society,
 
 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975);
 
 City of Detroit v. Grinnell Corp.,
 
 560 F.2d 1093, 1098 (2d Cir.1977);
 
 Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.,
 
 540 F.2d 102, 110 (3d Cir.1976) (en banc). Under what has become known as the “fund” doctrine, fees and costs are awarded to an attorney for his efforts in creating, preserving, or protecting a fund or property for the benefit of the class whom he represents. The fees are paid out of the fund itself because the attorney’s efforts in creating or preserving the fund have benefited others who, absent this form of compensation, “would unfairly enjoy the benefit without having shared the cost of acquiring the benefit.”
 
 Pawlak v. Greenawalt,
 
 713 F.2d 972, 981 (3d Cir.1983), ce
 
 rt. denied,
 
 — U.S.-, 104 S.Ct. 707, 79 L.Ed.2d 172 (1984). To avoid such unfairness, the costs incurred in creating or preserving the common fund are shared by the entire class which has been benefited by the attorney’s representation.
 
 Id.
 
 However, “fees may be taxed against the class under the equitable fund theory only for services actually conferring a benefit on the class.”
 
 Grinnell Corp.,
 
 560 F.2d at 1102.
 

 Courts have denied compensation for time spent litigating the propriety of the fee award in common fund cases on the theory that the class is not benefited thereby. Courts have also said that because the attorneys’ compensation is derived from the fund itself, the attorneys’ interests in litigation over the amount of the fee are in direct conflict with those of the class members.
 
 Id.; Lindy Bros.,
 
 540 F.2d at 111. In short, time expended in an effort to obtain an attorneys’ fee award in such cases has been held to be non-compensable on the theory that the attorney’s efforts do not benefit the class but rather serve to deplete the fund and hence reduce each class member’s ultimate recovery.
 

 Leaving aside bankruptcy cases for the moment, it is clear that the principal concerns that have prompted courts to refuse to award compensation for time devoted to fee litigation in common fund cases are inapplicable to cases in which fees are authorized by statute. The divergence of interests which exists between attorney and client with respect to the appropriate
 
 *662
 
 amount of the fee in common fund cases does not ordinarily exist in statutory fee award cases. In the latter group of cases the attorneys’ fees are paid not out of the client’s recovery but in addition thereto.
 
 See Prandini,
 
 585 F.2d at 53.
 

 C.
 
 Bankruptcy Counsel Should be Compensated for Services Related to Fee Application Preparation and Presentation
 

 Attorneys’ fees in bankruptcy cases are in the most important respect similar to attorneys’ fees in other statutory cases. As in the case of other statutory fees, fees are awarded to bankruptcy counsel pursuant to Congress’ express directive that attorneys are to receive reasonable compensation for all services rendered in the course of their representation. There is, however, one noteworthy difference between bankruptcy cases and other statutory fee cases. The source of attorneys’ fees in bankruptcy cases is not parallel to the source of fees in the other statutory fee cases. On the other hand, it is not parallel to that in the common fund cases either. In bankruptcy proceedings the fee is neither paid directly from a fund created for the benefit of the client, as in the common fund cases, nor from funds provided solely for the purpose of compensating the attorney, as in the other statutory fee cases; instead the fee is paid out of the bankrupt estate.
 

 While recognizing the unique nature of the source of fees in bankruptcy proceedings, we have little difficulty in concluding that, on balance, we should follow the practice employed in other statutory fee cases rather than that used in common fund cases. The policies underlying the compensation of attorneys under the Bankruptcy Reform Act closely parallel those expressed in the other statutory fee cases. Statutory fee award provisions are designed to ensure that attorneys are fully compensated for handling cases. That was clearly Congress’ intent when it enacted section 330 of the Bankruptcy Reform Act. As noted earlier, a refusal to award compensation for the time spent preparing or litigating fee applications results in a reduction of the rate paid for all the attorneys’ services. Were we to affirm the district court’s decision, we would, in effect, be reducing the fees that bankruptcy counsel may earn to a level that fails to provide full compensation for their services.
 

 The policy underlying the compensation of attorneys in common fund cases is entirely different from that governing the award of compensation under both the Bankruptcy Reform Act and the other statutory fee award provisions. In common fund cases, compensation is awarded not in order to ensure that qualified specialists do not abandon the representation of such cases in pursuit of more remunerative types of legal work, but in order to avoid unjustly enriching the class members who have benefited from the attorney’s efforts. No such unjust enrichment theory underlies the award of fees in bankruptcy cases.
 

 There is even more reason to compensate attorneys for services related to fee application preparation in bankruptcy proceedings than in other statutory fee cases. Bankruptcy counsel devote substantially more time and effort to the preparation of fee applications than do attorneys who receive compensation for comparable services pursuant to other statutory fee award provisions. The fee applications required of counsel by the bankruptcy court generally are much more detailed and time consuming than are the fee applications submitted in other types of cases.
 

 We hold that bankruptcy counsel are entitled to compensation for the time and effort spent in preparing fee applications. Our holding is consistent with the policies underlying the Bankruptcy Reform Act and with the rule normally applicable in cases in which attorneys’ fees are awarded by the federal courts. The exception for common fund cases is based on different policies that are largely inapplicable to bankruptcy proceedings.
 

 
 *663
 
 III. CONCLUSION
 

 The district court erred in concluding that services related to the preparation and presentation of attorneys’ fee applications are not compensable under section 330 of the Bankruptcy Reform Act. Neither the bankruptcy court nor the district court considered whether the amount of compensation requested by Luce, Forward for such services was, in fact, reasonable. It would not be appropriate for us to make the initial determination as to that question. Accordingly, we remand to the district court to award reasonable compensation for all “actual, necessary services” rendered in connection with the preparation and presentation of the fee application.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . Luce, Forward’s request for compensation has been wholly unopposed at all stages of litigation with the exception of a motion brought before the bankruptcy court to reduce the amount of the overall award by a specified percentage. The bankruptcy court denied the motion. Luce, Forward’s request for compensation for services rendered in connection with the preparation and presentation of the fee applications has been otherwise uncontested.
 

 [2]
 

 . Prior to 1984, section 330 provided:
 

 § 330. Compensation of officers
 

 (a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor’s attorney—
 

 (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional person employed by such trustee, professional person, or attorney, as the case
 
 *658
 
 may be, based on the time, the nature, the extent, and the value of such services and the cost of comparable services other than in a case under this title; and
 

 (2) reimbursement for actual, necessary expenses.
 

 (b) There shall be paid from the filing fee in a case under chapter 7 of this title $20 to the trustee serving in such case, after such trustee’s services are rendered.
 

 11 U.S.C. § 330 (1982). Section 330 was amended slightly in 1984.
 
 See
 
 Pub.L. No. 98-353, §§ 433, 434, 98 Stat. 333 (1984).
 

 [3]
 

 . In this case, Luce, Forward’s fee applications totalled more than 400 typewritten pages describing in detail the services rendered by some 40 attorneys and paralegals over a six-month period; these services involved approximately 6,500 hours of professional time. The preparation and presentation of the fee applications themselves involved more than 200 hours of professional and paraprofessional time.
 

 [4]
 

 . We note that bankruptcy courts are increasingly willing to award compensation for time devoted to the preparation and presentation of attorneys’ fee applications pursuant to § 330(a) of the Bankruptcy Reform Act.
 
 See, e.g., In re Bible Deliverance Evangelistic Church,
 
 39 B.R. 768, 774 (Bankr.E.D.Pa.1984);
 
 In re Rego Crescent Corp.,
 
 37 B.R. 1000, 1008, 1011 (Bankr.E.D.N.Y.1984);
 
 In re United Rockwool,
 
 32 B.R. 558, 561-62 (Bankr.E.D.Va. 1983);
 
 In re G.A.C. Corp.,
 
 14 B.R. 252, 255 (Bankr.S.D.Fla.1981);
 
 In re Warrior Drilling & Engineering Co.,
 
 9 B.R. 841, 848-49 (Bankr.N.D.Ala.),
 
 modified on other grounds,
 
 18 B.R. 684 (N.D.Ala.1981).
 

 [5]
 

 .We recognize that certain expenses, such as overhead, are generally absorbed by a law firm and are not billed to the client. We do not suggest that such expenses are recoverable under § 330 of the Bankruptcy Reform Act.