**In re THE GIBBONS–GRABLE COMPANY.**

**Bankruptcy No. 686–00875.**

United States Bankruptcy Court, N.D. Ohio.

Nov. 13, 1992.

John A. Schwemler, Brouse & McDowell, Akron, OH, for applicant.

John F. Buchman, Day, Ketterer, Raley Wright & Rybolt, Canton, OH, for Newmarket Hotel Ltd.

Roger J. Stevenson, Roetzel & Andress, Akron, OH, for United States Fidelity.

Gerald L. Baker, Canton, OH, Trustee.

MEMORANDUM OF DECISION TWELFTH APPLICATION FOR COMPENSATION AND REIMBURSEMENT PAYMENTS

JAMES H. WILLIAMS, Chief Judge.

On July 15, 1992, Brouse & McDowell (Applicant or Brouse), counsel for The Gibbons–Grable Company Assets Disposition Trust (Trust) filed its Twelfth Application for Compensation and Reimbursement Payments. The period covered by the application is from February 1, 1992 through May 31, 1992. The amount of compensation requested is $22,868.00 and expenses for which reimbursement is sought total $1,130.16. Objections were duly filed by several unsecured creditors, a hearing was conducted and, with further submissions ordered from both the Applicant and one of the objectors, the matter was taken under advisement.

The court has jurisdiction in this matter by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

## BACKGROUND

The factual and procedural history pertinent to the disposition of the current controversy was summarized in the court's opinion dealing with Brouse's Eleventh Application for compensation, issued June 12, 1992 and reported at 141 B.R. 614. The gist of the court's decision on the Eleventh Application was that, to the extent Brouse invested time and effort in pursuing insider preference actions ultimately found to be barred by the applicable statute of limitations, it was entitled to an award of only 50% of the charges it asserted:

What has resulted is the expenditure of hundreds of hours on a task which produced utterly no benefit to the estate and the creditors, in reliance upon legal theories which were unclear at best. While the court does not wish to entirely condemn Brouse for its efforts, neither can it agree that the prior and current fees are "reasonable" in view of the fact that to grant Brouse's request would deplete the estate by over $46,000.00 without producing *any* corresponding positives.

The court therefore will sustain the Objection to the Eleventh Application, and grant the Motion with respect to its request that Brouse refund portions of the Fifth through the Tenth Applications. The Phase II Actions fees will be reduced by 50%, or by $23,097.25.

*Id.* at 619.

Newmarket Hotel, Ltd. (Newmarket), one of the objecting unsecured creditors here had also objected to the Eleventh Application. Confronted with that objection, Applicant says in its current application, that it "prepared for and attended a hearing regarding the Application and the objection which had been interposed. The Applicant devoted time to assemble information required of it by this Court. In addition, the Applicant fully briefed this matter and replied to briefs of opposing counsel." (Twelfth Application, p. 3)

In response to the court's request, Brouse has identified a total of $8,935.00 in charges by personnel ranging from a law clerk to partners on its defense of its Eleventh Application. Newmarket has performed its own analysis and suggests that the charges for the work in question amount to at least $10,244.50 and urges that such sum should be disallowed.

## ISSUE

The question before the court is, simply put, whether legal counsel, whose charges for services rendered are challenged, may be paid for responding to that challenge and defending the asserted fees, particularly when the defense has only been partially successful?

## DISCUSSION

This court has generally adhered to the view quoted above from its decision on Brouse's Eleventh Application: That a key component of the reasonableness by which a request for compensation is to be judged under 11 U.S.C. § 330(a) [1] is the benefit to the estate from the efforts put forth.

■ While keeping in mind that benefit to the estate is of extreme importance, we shy away from the rigid approach urged by counsel for the objecting creditors that the court's proper course of action is to deny compensation for unproductive work entirely. Faced with such an arbitrary stance, counsel would likely pursue only certain results, thereby depriving the estate of the benefits of untried but yet reasonable approaches to problems. Our previous award of 50% of the amount requested for ultimately unsuccessful work was an attempt to strike a balance between a stifling, totally result-oriented approach and one which gives unfettered freedom to try anything and get paid for it.

Having concluded that counsel should be neither totally penalized nor completely rewarded for non-productive work, the court is now asked either to compensate counsel fully for urging, over determined opposition, that full payment, regardless of results, would have been appropriate, or at least to compensate counsel for its efforts in defending its fee bill in the same proportion as the fees were allowed—here, 50%.

Astonishing as that proposition appeared to have been to Newmarket's counsel, there is some support for it in the cases the court has examined. *See, e.g., Matter of Hutter*, 126 B.R. 1005 (Bankr.E.D.Wis. 1991) (debtor's attorneys entitled to proportional fee award for time spent in defending their fee applications); *In re Churchfield Management & Investment Corporation*, 98 B.R. 838 (Bankr.N.D.Ill.1989) (3% of total hours charged allowed for "litigating" the attorney fee applications); *In re CF & I Fabricators of Utah, Inc.*, 131 B.R. 474 (Bankr.D.Utah 1991) (time spent reviewing objections and appearing in court to present application is compensable).

It is important to note, however, that "fee-defense" awards in the cases found on the point occur in jurisdictions where the underlying proposition that professionals are entitled to compensation for preparing their fee applications is accepted. In the Ninth Circuit, for example, *In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir.1985) provides that bankruptcy counsel are entitled to reasonable compensation for services rendered in connection with the preparation and presentation of fee applications.

Such does not appear to be the law of the Sixth Circuit and, in fact, the bankruptcy judges of this District, on October 6, 1988, issued a Memorandum containing certain guidelines, paragraph 12 of which reads:

> Absent unusual circumstances, time spent preparing the application for compensation is non-compensable. This time is not properly a service rendered on behalf of the debtor estate, but is a necessary expense of doing business.[2]

Even in the Ninth Circuit, however, there appear to be limitations on compensation for defending against attacks on fee applications. *In re Riverside–Linden Investment Co.*, 111 B.R. 298 (9th Cir. BAP 1990), aff'd., 945 F.2d 320 (9th Cir.1991) involved an attempt by counsel to be compensated for unsuccessfully litigating its fee application. The Bankruptcy Appellate Panel said, at pp. 301–02:

> *Nucorp* does not authorize recovery of fees incurred when attorneys fail to sup-

---

1. "... the court may award ... to a professional person ... (1) reasonable compensation for actual, necessary services ... based on the ... value of such services ..."

2. There can be no claim that Applicant is unaware of these guidelines, for they are referred to for another purpose in the instant application.

port the propriety of their fee requests. A contrary ruling could encourage attorneys to assert meritless fee requests. Regardless of whether or not they were awarded the requested fees, the attorneys could recover fees incurred in opposing objections to the meritless request. Such a result is not contemplated by *Nucorp.*

█ This court is of the view that, at bottom, the efforts of counsel or any other professional to obtain payment for work performed is largely a cost of doing business, incorporated, one is compelled to believe, in the hourly rates charged. Surely, when a private client objects, or raises questions about a statement from counsel, that client does not receive a further bill for having protested!

█ As this court has said too often to require citation, it will look to the benefit the estate obtains from the efforts for which compensation is sought. Here, there was none. (There was none, either, the court found, from the work which engendered the fee application to which Newmarket and others objected; still, the court recognized and rewarded, in part, the effort of counsel in pursuing an avenue that *might* have benefitted the estate.)

The court will disallow those charges Brouse asserts for the defense of its earlier fee request. Our review of the entries on the time sheets Brouse has submitted in support of its application indicates a total of 60.1 hours listed in activities fairly attributable to the defense of the fee application. The time has been charged by individuals with hourly rates ranging from $25.00 to $195.00. A total of $9,477.00, in the court's analysis, was charged and this sum will be disallowed. The balance of charges making up the Twelfth Application will be allowed and Brouse is therefore awarded $13,391.00 in compensation and reimbursement of its expenses in the full amount requested, $1,130.16.

An order in accordance herewith shall issue.