992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re WORLD INDUSTRIAL CENTER, LTD., Debtor.
Ralph G. PAGTER, Examiner with expanded powers, Plaintiff-Appellant,
v.
WORLD INDUSTRIAL CENTER, LTD., Defendant-Appellee,
Federal Deposit Insurance Corporation, Appellee.
 No. 91-16803.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1993.
Decided April 28, 1993.
 
 Before WALLACE, Chief Judge, and O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ralph G. Pagter, the appointed Examiner, appeals the district court's order affirming the bankruptcy court's disapproval of a portion of the Examiner's fees. We AFFIRM.
 
 BACKGROUND FACTS
 
 3
 World Industrial Center, Ltd. (Debtor) filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. Debtor's sole asset was a 157-acre landfill which was subject to orders by the California Department of Health Services to remove hazardous waste. When Debtor did not proceed expeditiously toward reorganization, the bankruptcy court appointed Ralph G. Pagter as Examiner, pursuant to 11 U.S.C. § 1104(b). The Examiner was subsequently authorized to negotiate a sale of the property.
 
 
 4
 The Examiner's efforts apparently motivated Debtor to retake control of the case. The bankruptcy court denied the Examiner's initial motion to sell the property and determined that Debtor should be allowed to proceed with its reorganization. As Debtor's time frame to confirm a plan drew to a close, the Examiner again sought approval to sell the property, which was denied in order to give Debtor an opportunity to confirm its plan.
 
 
 5
 When the Examiner's final fee application came on for hearing, FDIC objected to the Examiner's charges for negotiating and requesting court approval of a sale of the property. The bankruptcy court disallowed 44 hours, valued at $13,200, related to the Examiner's sales activity.
 
 DISCUSSION
 
 6
 1. Standing.
 
 
 7
 The Examiner first contends, without citation to authority, that FDIC had no standing to object to the fee application in the bankruptcy court or to appear as an appellee in the district court and in this court. The Examiner implies that FDIC had no real interest in the amount of fees awarded because, as a secured creditor, it had no interest in the amount of cash in the estate.
 
 
 8
 The issue is interesting but its resolution is irrelevant to our decision. The bankruptcy court must review all fee applications, even when no objection is made, to ensure that the statutory criteria are satisfied. See In re Nucorp Energy, Inc., 764 F.2d 655, 657 n. 1 (9th Cir.1985); In re Wilde Horse Enter., Inc., 136 B.R. 830, 839-40 (Bankr.C.D.Cal.1991); 11 U.S.C. § 330(a)(1); 2 Lawrence P. King, Collier on Bankruptcy p 330.03 at 330-11 to 330-12 (15th ed. 1993). Likewise, this court must review the bankruptcy and district courts' decisions regardless of whether FDIC, the Debtor or the United States Trustee files an opposing brief.
 
 
 9
 2. Fee Award.
 
 
 10
 The Bankruptcy Code provides that the court may award "reasonable compensation for actual, necessary services" rendered by the Examiner. 11 U.S.C. § 330(a)(1). "A bankruptcy court's award of fees will be upheld unless the awarding court abused its discretion or erroneously applied the law." Unsecured Creditors' Comm. v. Puget Sound Plywood, 924 F.2d 955, 957 (9th Cir.1991) (internal quotation omitted).
 
 
 11
 In determining whether professional services were necessary, as required by 11 U.S.C. § 330(a)(1), the court must consider whether the estate was benefitted by the services. See, e.g., Puget Sound Plywood, 924 F.2d at 958-59. Indeed, "[t]he sine qua non of the [fee] allowance is the benefit the bankrupt's estate and its creditors have derived from the services rendered." 2 King, supra, p 330.05[d] at 330-50. The bankruptcy court determined that the Examiner's efforts to sell the sole asset of the estate were unnecessary because Debtor was dealing with the property in its plan. In reaching that conclusion the bankruptcy court did not abuse its discretion.
 
 
 12
 We reject the Examiner's suggestion that, with the enactment of the United States Trustee program, Congress intended to transfer to the United States Trustee the authority to award professional fees, "thereby relieving the overworked bankruptcy judges of the distasteful task of reviewing fee applications where no objection supported by evidence has been filed." The United States Trustee program does not supplant the provisions of 11 U.S.C. § 330. We have recognized the power and duty of the bankruptcy court to conduct an independent examination of all fee applications, even when no one objects. See In re Nucorp Energy, 764 F.2d at 657 n. 1; see also In re Wilde Horse, 136 B.R. at 839-40. Finally, if bankruptcy is not to become a Dickens nightmare, it is important that independent judicial officers have and perform the obligation of passing upon fees. See Jarndyce v. Jarndyce, Bleak House (1852-53).
 
 
 13
 3. Sanctions.
 
 
 14
 The Examiner asserts that the estate no longer has sufficient funds to pay his approved fees. He requests that any deficiency be assessed against FDIC and its counsel for mounting an inappropriate opposition to the Examiner's fee application in the bankruptcy court and in both appeals. In turn, FDIC requests that the court impose sanctions against the Examiner, pursuant to 28 U.S.C. § 1927 and Fed.R.Civ.P. 11.
 
 
 15
 The Examiner is not entitled to receive sanctions, nor should they be awarded against him. We do not find that he has unreasonably or vexatiously multiplied proceedings. 28 U.S.C. § 1927. Moreover, Fed.R.Civ.P. 11 does not apply to appellate proceedings. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 406, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990).
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3