In re ST. RITA'S ASSOCIATES
PRIVATE PLACEMENT,
L.P., Debtor.

No. 96–13052 B.

United States Bankruptcy Court,
W.D. New York.

March 30, 2001.

Damon & Morey LLP (William F. Savino, Esq., Daniel F. Brown, Esq., Beth Ann Bivona, Esq., of counsel), Buffalo, New York, pro se.

Harter, Secrest & Emery LLP (Raymond L. Fink, Esq., of counsel), Buffalo, New York, for Debtor.

CARL L. BUCKI, Bankruptcy Judge.

Previously, this Court decided a highly controverted dispute regarding the fee application of Damon & Morey LLP ("Damon & Morey"), as chapter 11 counsel for St. Rita's Associates Private Placement, L.P. Following confirmation of the debtor's plan, Damon & Morey had filed its initial application for payment of fees and expenses totaling $99,868.49. To this the debtor objected strenuously, and asserted an agreement to cap legal fees at $60,000. Extensive hearings ensued. Although the debtor presented a multi-faceted objection, the bulk of testimony related to whether certain expenditures of time were justified as a response to sexually harassing conduct by principals of the debtor toward a female attorney. This Court ultimately allowed payment for these additional services. For other reasons, however, the Court reduced the total request and allowed to Damon & Morey the sum of $86,102.49. The specific rationale for this allowance need not here be repeated, as it

is fully stated in the prior opinion of this court at 216 B.R. 490 (Bankr.W.D.N.Y. 1998). Damon & Morey has now filed a second fee application, in which it seeks allowances totaling an additional $13,405.87. Essentially, this latter claim represents the cost of litigating the first application. Again, the debtor objects.

The debtor employed Damon & Morey as counsel with the approval of this court, pursuant to 11 U.S.C. § 327. For professional persons who are so employed, section 330 of the Bankruptcy Code establishes standards for compensation. Subdivision (a)(1) of section 330 provides that the court may award to such professional persons "(A) reasonable compensation for actual, necessary services rendered by the ... attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses."

Prior to 1994, the various circuits applied differing standards for the allowance of compensation to counsel for time devoted to the preparation of fee applications. Holding that a fee allowance benefitted only the applicant and not the estate, some courts found the preparation of fee applications to be a nonreimbursable cost of doing business. *See* 3 LAWRENCE P. KING ET AL., COLLIER ON BANKRUPTCY, ¶ 330.04[5] (15th ed. rev.1999) and cases cited at footnote 81. Espousing a contrary view was *In re Nucorp Energy, Inc.*, 764 F.2d 655 (1985). In that case, the Court of Appeals for the Ninth Circuit reasoned that because "[t]he preparation of complex and burdensome fee applications is statutorily required of all counsel who seek compensation for representation of debtors," the time and expense needed to comply with those requirements were "actual and necessary." 764 F.2d at 659.

The Bankruptcy Reform Act of 1994 amended the provisions of 11 U.S.C. § 330, relative to compensation of professionals. In particular, the statute added a new subdivision (a)(6), which states that "[a]ny compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application." Implicitly recognized, therefore, is the appropriateness of compensation for the preparation of a fee application. The question now before this court is whether to extend the right of compensation to include not only preparation of the application, but also the defense of objections to that application.

With respect to charges for actual and necessary services, section 330(a)(1) permits "reasonable compensation." The reasonableness of compensation is then further defined in section 330(a)(3)(A), which states as follows:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) *whether the compensation is reasonable based on the customary compensation charged by comparable skilled practitioners in cases other than cases under this title.*

(emphasis added). In assessing the reasonableness of the compensation that Damon & Morey now seeks in its second application, the critical consideration is

that stated in part (E) of the above quoted text.

■ The litigation of a fee dispute is an exercise to be distinguished from preparation of the underlying fee application. Fee applications in bankruptcy have no counterpart in most areas of legal practice. For this reason, no reasonably comparable experiences provide guidance in setting a proper standard for compensating such effort. As noted above, section 330(a)(6) fills this void, but only with respect to the preparation of fee applications. In contrast, fee disputes are common to all areas of legal practice. Thus, the standard in section 330(a)(3)(A, E) has application. In bankruptcy, services rendered in connection with a fee dispute are to receive the same compensation as would be paid to skilled practitioners in a non-bankruptcy case. Outside the field of bankruptcy, when clients refuse to pay a disputed bill, attorneys must choose either to "write-off" the liability or to commence litigation for collection. In that litigation, the "American rule" applies. Each side generally assumes the cost of its own legal counsel. Because skilled practitioners outside bankruptcy would customarily receive no compensation for the additional time spent on litigating a fee dispute, no further compensation is payable to Damon & Morey in the present instance.

The debtor appears to have interposed its fee objections in good faith. Thus, the court can discern no basis for sanctions, such as might be warranted under Bankruptcy Rule 9011. Nothing in this decision should be viewed as precluding an award of legal fees in situations where sanctions are appropriate. In the present instance, however, Damon & Morey seeks fees for time spent in response to objections filed in good faith, and which even prompted a partial disallowance of the firm's claim.

■ In fee litigation outside bankruptcy, a successful plaintiff may seek an award of costs to cover certain of its disbursements. Section 330 of the Bankruptcy Code makes no similar provision. Subdivision (a)(1) of this section, however, distinguishes the award of compensation from the reimbursement of expenses. The previously discussed limitations in section 330(a)(3)(A) apply only to the determination of reasonable compensation. Thus, Damon & Morey's request for reimbursement is not necessarily limited to customary amounts charged in non-bankruptcy cases, but will be allowed for all expenses that are actual and necessary. The expenses of the firm were unquestionably actual, and in the opinion of this court, were necessary. Without the firm's defense to the debtor's objections, this court would have been unable to give proper consideration to the merits of Damon & Morey's first application for allowances. In the context of the initial fee dispute, the response to objections was an effort as necessary as was preparation of the fee application. Accordingly, the request for reimbursement of expenses will be allowed.

Damon & Morey's second fee application seeks a total allowance of $13,405.87. This sum includes allowable disbursements of $522.37 and a compensation request in the amount of $12,883.50. In support of compensation request, the firm submits time entries for 93.5 hours. Having reviewed each entry, the court notes that various portions of the time expended on July 2, July 7, and July 15 were for services other than in defense of fee objections. Among these services were time spent on resolving claim objections and on the preparation of the debtor's final report and account. Representing 1.9 hours of time, such services are properly allowable for a value of $225.50. The balance of time

involved litigation of the fee application, and is accordingly not compensable.

Based on the foregoing, the application of Damon & Morey is allowed for the total sum of $747.87, and is otherwise denied.

So ordered.