**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: KEVIN WALKER,<br><br>Debtor,<br><br>———————————————————<br><br>BAYER WISHMAN & LEOTTA,<br><br>Appellant,<br><br>v.<br><br>ROD DANIELSON, Chapter 13 Trustee;<br>KEVIN WALKER,<br><br>Appellees. | No. 14-56520<br><br>D.C. No. 5:13-cv-01430-DDP<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted June 10, 2016[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before:  GOULD and HURWITZ, Circuit Judges, and RESTANI,[***] Judge.

Bayer Wishman & Leotta ("BWL") appeals the district court's order affirming the bankruptcy court's partial denial of supplemental attorney's fees.  We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291.  "We review decisions of the bankruptcy court independently without deference to the district court's determinations."  Leichty v. Neary (In re Strand), 375 F.3d 854, 857 (9th Cir. 2004) (quoting Galam v. Carmel (in re Larry's Apartment, L.L.C.), 249 F.3d 832, 836 (9th Cir. 2001)).  "We will not disturb a bankruptcy court's award of attorney's fees 'absent an abuse of discretion or an erroneous application of the law.'"  Law Offices of David A. Boone v. Derham-Burk (In re Eliapo), 468 F.3d 592, 596 (9th Cir. 2006) (quoting In re Nucorp Energy, Inc., 764 F.2d 655, 657 (9th Cir. 1985)).

BWL did not carry its burden of proving its entitlement to the fees requested because it failed to produce sufficient evidence that the fee request was reasonable.  See 11 U.S.C. §§ 330(a)(2), (a)(3); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) ("[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the

---

[***] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

2

requested [fees are reasonable.]" (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).  Additionally, nothing required the bankruptcy court to apply the lodestar method, Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc., 924 F.2d 955, 960 (9th Cir. 1991), which, as we have previously noted, is problematic in Chapter 13 cases, see In re Eliapo, 468 F.3d at 598–99 (describing the problems with applying the lodestar method in Chapter 13 cases and approving the use of presumptive fees in such cases).  The fee study relied upon by the bankruptcy court ("Fee Study"), consisting of 125 supplemental fee requests filed in the Riverside Division for preparation of a Chapter 13 status report (the task for which BWL sought compensation), provided concrete evidence of the comparative unreasonableness of BWL's fee request.  Based on the evidence in the record, the bankruptcy court did not clearly err or abuse its discretion in determining that $600.00 was a reasonable fee for preparing a status report.  In re Eliapo, 468 F.3d at 596 ("[W]e will not reverse an award of fees unless we have a definite and firm

conviction that the bankruptcy court committed clear error in the conclusion it reached after weighing all of the relevant factors.").[1]

**AFFIRMED.**

---

[1] The court denies BWL's pending Motion to Take Judicial Notice. Even were the court to take judicial notice of the hourly rates requested in fee applications included in the Fee Study, BWL failed to raise an argument based on such facts before either the bankruptcy or district court, or in its opening brief. Any such argument is therefore waived. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).