**NOT FOR PUBLICATION**

# FILED

JUN 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: HOWREY LLP, | No. 15-17175 |
| Debtor, | DC No. 3:14-CV-05111-JD |
| WILLIAM N. MCGRANE and MCGRANE LLP, | MEMORANDUM[*] |
| Plaintiffs-Appellants, | |
| v. | |
| HOWREY LLP and ALLAN B. DIAMOND, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted May 19, 2017[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN and IKUTA, Circuit Judges, and OLIVER,[***] Chief District Judge.

William McGrane ("Mr. McGrane") and McGrane LLP (collectively, "McGrane Parties") appeal the district court's order affirming the bankruptcy court's partial disallowance of attorneys' fees. The McGrane Parties argue that the bankruptcy court erred in determining that Mr. McGrane acted adversely to his former client, the Official Committee of Unsecured Creditors of Howrey LLP ("Committee"), on several occasions, in violation of professional ethics, including Rule 3-310(E) of the California Rules of Professional Conduct.[1] Because of these ethical lapses, the bankruptcy court reduced the McGrane Parties' fee award and ordered partial disgorgement of fees previously paid.

We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291, and we "review decisions of the bankruptcy court independently without deference to the district

---

[***] The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

[1] Local Rule 1001–2(a) of the United States Bankruptcy Court for the Northern District of California incorporates Civil Local Rule 11–4(a)(1) of the United States District Court for the Northern District of California, which provides that all attorneys must "[b]e familiar and comply with the standards of professional conduct required of members of the State Bar of California." The commentary section of Rule 11–4 notes that "[t]he California Standards of Professional Conduct are contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and decisions of any court applicable thereto."

court's determinations." *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004) (quoting *Galam v. Carmel (In re Larry's Apartment, L.L.C.)*, 249 F.3d 832, 836 (9th Cir. 2001)). We will not overturn an award of attorneys' fees by a bankruptcy court "absent an abuse of discretion or an erroneous application of the law." *Law Offices of David A. Boone v. Derham–Burk (In re Eliapo)*, 468 F.3d 592, 596 (9th Cir. 2006) (quoting *In re Nucorp Energy, Inc.*, 764 F.2d 655, 657 (9th Cir. 1985)). For the following reasons, we affirm.

The bankruptcy court did not err as a matter of law when it determined that Mr. McGrane violated Rule 3-310(E)[2] by adversely representing several former clients—seven individual creditors of Howrey LLP—and the successor-in-interest to one of those creditors—Howrey Claims LLC—in matters substantially related to his prior representation of the Committee. *See Flatt v. Superior Court*, 885 P.2d 950, 954 (Cal. 1994) (in bank) (explaining that an attorney violates his or her duty under Rule 3-310(E) to maintain client confidences where there is a "'*substantial relationship*' between the subjects of the antecedent and current representations"). Mr. McGrane

---

[2] California Rule of Professional Conduct 3-310(E) provides that "[a] member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment."

argues that his continued representation of the individual creditors,[3] even as he served as counsel for the Committee, and the concomitant lack of privilege as to the communications between joint clients, removed any obstacle or impropriety from his later adverse representation. But, any exception to Rule 3-310 for joint representation is clearly inapplicable here, as there is no evidence in the record that Mr. McGrane disclosed the representation to or obtained the required consent from the Committee. *See, e.g.*, Cal. Rules of Prof'l Conduct R. 3-310 cmt. (explaining that, in cases of concurrent representation, an attorney must disclose the potentially adverse aspects of the representation and obtain each client's informed written consent to the representation); *Zador Corp. v. Kwan*, 37 Cal. Rptr. 2d 754, 763 (Ct. App. 1995) (declining to disqualify attorney where client had consented to concurrent representation even if an actual conflict developed and reaffirmed consent when actual adversity developed); *Indus. Indem. Co. v. Great Am. Ins. Co.*, 140 Cal. Rptr. 806, 811 (Ct. App. 1977) (concluding that, even if there is a "joint client" exception to attorney-client privilege, such an exception is inapplicable where joint representation

---

[3] Mr. McGrane withdrew as a partner of the law firm representing the individual creditors on or about July 7, 2011, six months before being permitted to serve as Committee counsel. However, he now argues that, absent an order from the bankruptcy court, his withdrawal was ineffective and he continued to serve as counsel for the creditors. *See* N.D. Cal. Civil L.R. 11–5 ("Counsel may not withdraw from [a bankruptcy case] until relieved by order of [the Bankruptcy] Court . . . .").

was undertaken or continued without disclosure of conflicting interests and written consent).

Furthermore, the bankruptcy court did not abuse its discretion by considering other ethical violations in reducing the McGrane Parties' fee award. The record supports a finding that Mr. McGrane violated his duty of loyalty to the Committee by attempting to pursue alter ego claims against former Howrey LLP partners that the Committee had considered and rejected when he served as the Committee's counsel, and by opposing the settlement agreement negotiated by the Committee with the bankruptcy estate. *See Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (recognizing that an attorney "may not do anything which will injuriously affect [the] former client in any matter in which [the attorney] formerly represented [the client]"). The record also supports a finding that Mr. McGrane improperly disclosed confidential information regarding the Committee's deliberations and strategy, including an internal memorandum and a term sheet regarding a proposed Chapter 11 plan. *See* Cal. Evid. Code § 958 (authorizing the limited disclosure of communications "*relevant to an issue of breach . . .* of a duty arising out of the lawyer-client relationship" (emphasis added)).

Because the bankruptcy court did not abuse its discretion or erroneously apply the law, we affirm the district court's order affirming the bankruptcy court's partial

5

disallowance of attorneys' fees.

Costs are awarded to the Appellees.

**AFFIRMED.**