**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KRISTIN EVANS,

 Plaintiff-Appellee,

v.

LINDA J. ALEXANDER; et al.,

 Defendants-Appellants.

No.    16-35120

D.C. No. 4:14-cv-00237-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted October 4, 2017[**]
Portland, Oregon

Before:  PAEZ and BEA, Circuit Judges, and LAMBERTH,[***] District Judge.

---

 [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

 [***]    The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

Linda Alexander, Robert Fisher, and David Rogers appeal the grant of Kristin Evans's Petition for Attorney's Fees pursuant to 42 U.S.C. § 1988(b). We have jurisdiction under 8 U.S.C. § 1291, and we affirm.

First, Evans was the prevailing party as her success was not "only technical." *See Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992) ("[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."). By filing the lawsuit, Evans and her co-plaintiff sought exoneration of the charges of academic dishonesty against them. Plaintiffs achieved this. The district court issued a temporary restraining order, requiring the defendants: (1) "to exonerate Plaintiffs of all charges of academic dishonesty and restore the Plaintiffs' academic records to reflect the grade they held in the class Math 1153-02: Introduction to Statistics (21851) at the point immediately prior to the administration of the final exam for said class;" (2) "to instruct the Office of the Registrar at Defendant Idaho State University to immediately remove all records about the alleged dishonest conduct from each of the Plaintiffs' files;" and (3) to "not take any punitive action against Plaintiffs with respect to the current allegations of cheating."

2

Moreover, the administrative process ultimately adopted by the court was not the same administrative process available to Evans before the commencement of the litigation. Significantly, the Associate Dean of the College of Science & Engineering—who Evans alleged in the complaint had demonstrated that he already had formed an opinion by writing in an email that Plaintiffs would be required to prove their innocence—was removed from the process. The court ordered that instead, the Dean of the College of Science & Engineering would preside over a formal hearing and serve as the final decision-maker. The district court also ordered that if Evans were not exonerated of the charges of academic dishonesty, she would be able to appeal the written decision to the Academic Dishonesty Board. The district court ordered that "the hearing officer or panel should be composed of unbiased and disinterested decision makers as agreed upon by the parties." As a result of the hearing presided over by the Dean of the College of Science & Engineering, Evans was allowed to retake the final exam and ultimately received an "A" in the class.

Second, Evans's fees account for cost-sharing with her co-plaintiff. The work done independently for her co-plaintiff was excluded from Evans's Petition for Attorney's Fees and supporting Affidavit. Appellants do not point to any specific hours that allegedly apply only to her co-plaintiff's claims.

Third, Evans is entitled to attorney's fees for defending this appeal. *See In re Nucorp Energy, Inc.*, 764 F.2d 655, 660 (9th Cir. 1985). This case is referred to the Appellate Commissioner for a determination of the amount of attorney's fees.

**AFFIRMED; REFERRED TO THE APPELLATE COMMISSIONER.**