NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROOSEVELT JOHNSON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> HUNTERS POINT BREWERY, LLC dba SPEAKEASY ALES & LAGERS et al., <br><br> Defendants-Appellees, | No.  21-16608 <br><br> D.C. No. 3:21-cv-00372-LB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Laurel Beeler, Magistrate Judge, Presiding

Submitted August 30, 2022[**]
San Francisco, California

Before:  W. FLETCHER, BYBEE, and VANDYKE, Circuit Judges.

Appellant Roosevelt Johnson seeks review of a district court order denying his request for attorney's fees related to fee motion work.  We have jurisdiction under 28 U.S.C. § 1291 and vacate the district court's order.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Johnson filed suit against Hunters Point, claiming violations of the Americans with Disabilities Act ("ADA") and California state law. His suit was successful, and he filed a motion for attorney's fees with the district court. Johnson's legal team spent a total of 81.2 hours on the case and reported billing $22,819[1] in attorney's fees, and $8,482 in paralegal fees. Nevertheless, they decided to proactively discount their attorney's fees to $15,000 in their initial fee motion, citing the pandemic as the reason. They also requested $4,815 in paralegal fees related to the fee motion ("fees-on-fees").

The district court granted Johnson 90% of the attorney's fees he requested and a little over half of the amount he requested for expenses and costs. Roosevelt's two attorneys waived their fees incurred in seeking attorney's fees. Only the paralegal, Emily O'Donohoe, sought fees-on-fees. The court denied Johnson's request for fees-on-fees. The court's explanation, however, was very cursory—noting only that the hours O'Donohoe billed for work performed after filing the fee motion were unreasonable.

On appeal, Johnson argues that the district court erred by: (1) refusing to award any fees-on-fees without adequate explanation; and (2) creating a "de facto policy" of denying fees-on-fees requests in ADA cases. We review the district

_____

[1] The fee total based on the reported hours and rates actually adds up to $22,235. It appears that there was an error in the hour and rate calculations, which resulted in the fees being overstated by $584.

2

court's award of attorney's fees for abuse of discretion. *Vogel v. Harbor Plaza Ctr., L.L.C.*, 893 F.3d 1152, 1157 (9th Cir. 2018).

Our court has held that attorneys can be compensated for the time spent on obtaining fees in statutory fees cases. *See, e.g., In re Nucorp Energy, Inc.*, 764 F.2d 655, 659–60 (9th Cir. 1985). And while the district court retains discretion in determining the reasonableness of the fee award, this discretion is not absolute. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The district court is required "to provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Applying this standard, we hold that the district court's explanation in this case for denying the request for fees-on-fees is inadequate. Johnson's attorneys were functionally forced to file their fee motion, had voluntarily discounted their fees in their initial motion, and won 90% of their merits fees requested. But the court supplied only a two-sentence justification for denying fees-on-fees, asserting without elaboration that the time O'Donohoe spent on the fee motion was unreasonable. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (declining to give deference to a district court's "one-sentence explanation" for denying an award of fees-on-fees).

With respect to Johnson's alternative claim that the district court established a "de facto policy" of denying fees-on-fees motions in ADA cases, he cites one case

3

in addition to this case as evidence proving his accusation. But the district court categorically disavowed any such policy in its order denying Johnson's motion for reconsideration, citing two instances where it had awarded fees-on-fees in ADA cases in recent years. In any event, given our conclusion above, we need not decide Johnson's "de facto policy" claim.[2]

For the foregoing reasons, we vacate the court's decision denying fees-on-fees and remand the case with instructions that the district court redetermine and explain its fees-on-fees award consistent with this memorandum disposition and circuit precedent.

**VACATED AND REMANDED**.[3]

---

[2] Johnson also asks this court in its order to direct that "the District Court must award reasonable paralegal fees for time working on this appeal as requested by Appellant-Plaintiff . . . ." We do not do so, but instead leave it for the District Court to address in the first instance on remand any such claim for additional fees, consistent with the direction we have provided above.

[3] Johnson's motion for judicial notice, ECF No. 12, is granted.