NOT FOR PUBLICATION

FILED

AUG 07 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP Nos. CC-11-1684-DMkKi |
| | CC-11-1685-DMkKi |
| IBT INTERNATIONAL, INC.; | (Related appeals) |
| SOUTHERN CALIFORNIA SUNBELT | |
| DEVELOPERS, INC., | Bk. Nos. 02-10608-ES |
| | 02-10617-ES |
| Debtors. | |

IBT INTERNATIONAL, INC.;
SOUTHERN CALIFORNIA SUNBELT
DEVELOPERS, INC.,

          Appellants,

v.

**M E M O R A N D U M**[1]

BANYON LIMITED PARTNERSHIP;
ORANGE BLOSSOM LIMITED
PARTNERSHIP; PEAR TREE LIMITED
PARTNERSHIP; DONALD W.
GRAMMAR; VAN DAN LIMITED
PARTNERSHIP; CTM LIMITED
PARTNERSHIP; DTG LIMITED
PARTNERSHIP; BIRCH
INTERNATIONAL LIMITED
PARTNERSHIP; GALLERY I, INC.;
HAMPTON LIMITED PARTNERSHIP;
KEY ENTERPRISES, INC.; SLEVIN
LIMITED PARTNERSHIP;
SNOWTHUNDER, INC.; TRAILS END
LIMITED PARTNERSHIP; DAVID H.
TEDDER,

          Appellees.

Argued and Submitted on July 19, 2012
at Pasadena, California

Filed - August 7, 2012

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Erithe A. Smith, Bankruptcy Judge, Presiding

Appearances:    William Miles Burd, Esq. of Burd & Naylor for the Appellants IBT International, Inc. and Southern California Sunbelt Developers, Inc.; Thomas W. Dressler, Esq. of the Dressler Law Group, LLP for Appellees Banyon Limited Partnership, Orange Blossom Limited Partnership, Pear Tree Limited Partnership and Donald W. Grammar; Stella Havkin, Esq. of Litwak & Havkin for Appellees Van Dan Limited Partnership, CTM Limited Partnership, DTG Limited Partnership, Birch International Limited Partnership, Gallery I, Inc., Hampton Limited Partnership, Key Enterprises, Inc., Slevin Limited Partnership, Snowthunder, Inc., Trails End Limited Partnership and David H. Tedder.

Before:  DUNN, MARKELL and KIRSCHER, Bankruptcy Judges.

Southern California Sunbelt Developers, Inc. ("SCSD") and IBT International, Inc. ("IBT") appeal the bankruptcy court's order denying their motions for post-judgment attorney's fees and costs ("post-judgment fee motions").[2] Specifically, SCSD and IBT sought awards of attorney's fees and costs incurred in defending against an appeal of attorney's fees and costs and punitive damages earlier awarded in their favor under § 303(i). The bankruptcy court declined to award SCSD and IBT their post-judgment attorney's fees and costs, based on its reading of

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated prior to the effective date (October 17, 2005) of most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, April 20, 2005, 119 Stat. 23 ("BAPCPA").

<u>Higgins v. Vortex Fishing Sys., Inc.</u>, 379 F.3d 701 (9th Cir. 2004).[3]  We AFFIRM.

**FACTS**[4]

Ten years ago, thirteen creditors filed involuntary chapter 11 bankruptcy petitions against SCSD and IBT.[5]  Donald Grammar and David Tedder controlled the petitioning creditors.[6]

---

[3] SCSD and IBT are related entities that each appealed the post-judgment fee order (CC-1685 and CC-11-1684, respectively). They each filed opening briefs and reply briefs in their respective appeals; their opening and reply briefs nearly are identical.

[4] We have taken many of the facts from the 9th Circuit opinion, <u>Orange Blossom Ltd. P'ship v. Southern California Sunbelt Devs., Inc. (In re Southern California Sunbelt Devs., Inc.)</u>, 608 F.3d 456 (9th Cir. 2010), which addressed SCSD and IBT's earlier award of attorney's fees and costs under § 303(i). We recite only those facts relevant to the appeals before us.

[5] The thirteen petitioning creditors are Banyon Limited Partnership, Birch International Limited Partnership, Van Dan Limited Partnership, CTM Limited Partnership, DTG Limited Partnership, Gallery I, Inc., Hampton Limited Partnership, Key Enterprises, Inc., Orange Blossom Limited Partnership, Pear Tree Limited Partnership, Slevin Limited Partnership, Snowthunder, Inc., and Trails End Limited Partnership.

[6] According to the petitioning creditors, Tedder controlled DTG Limited Partnership, Van Dan Limited Partnership, Hampton I Limited Partnership and Key Enterprises, Inc.  BAP Rule 8010(a)-1(b) Disclosure Statement to Petitioning Creditors' Response Brief.  Grammer controlled Banyan Limited Partnership, Orange Blossom Limited Partnership and Pear Tree Limited Partnership. <u>Id.</u>  Richard McGrath controlled Trails End Limited Partnership, Slevin Limited Partnership, CTM Limited Partnership and Snowthunder, Inc.  <u>Id.</u>  Daniel Schoenman controlled Birch International Limited Partnership and Gallery I, Inc.  <u>Id.</u>
According to the Ninth Circuit, only Tedder and Grammar controlled the petitioning creditors.

-3-

The bankruptcy court dismissed the involuntary petition against SCSD after finding that the petitioning creditors' claims were the subject of a bona fide dispute under § 303(b). It also dismissed the involuntary petition against IBT on a motion by the petitioning creditors.

SCSD and IBT thereafter filed motions for attorney's fees and costs and punitive damages under § 303(i)("§ 303(i) fee motions").[7] They also sought sanctions against Grammar and Tedder under Rule 9011 and the bankruptcy court's inherent power. SCSD and IBT did not seek damages under § 303(i)(2)(A).

After a month-long evidentiary hearing on the § 303(I) fee motions, the bankruptcy court entered judgment against Grammar, Tedder and the petitioning creditors ("§ 303(I) fee judgment"). It held the petitioning creditors jointly and severally liable under § 303(i)(1) for $745,318 in costs and attorney's fees incurred by SCSD and IBT, including costs and fees they incurred during the post-dismissal proceedings on the § 303(I) fee motions. It further found that the petitioning creditors had

---

[7] Section 303(I) provides: If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment –
    (1) against the petitioners and in favor of the debtor for –
        (A) costs; or
        (B) a reasonable attorney's fee;
    (2) against any petitioner that filed the petition in bad faith, for –
        (A) any damages proximately caused by such filing; or
        (B) punitive damages.

filed the involuntary chapter 11 petitions in bad faith under § 303(i)(2)(B), holding them jointly and severally liable for $130,000 in punitive damages ($5,000 per creditor per petition). Under its inherent power to impose sanctions, the bankruptcy court also held Grammar and Tedder jointly and severally liable for costs and attorney's fees awarded against the petitioning creditors.

Grammar, Tedder and the petitioning creditors appealed to the district court, which affirmed the § 303(I) fee judgment in its entirety. They then appealed to the Ninth Circuit. In its opinion, Orange Blossom Ltd. P'Ship v. Southern California Sunbelt Devs., Inc. (In re Southern California Sunbelt Devs., Inc.), 608 F.3d 456 (9th Cir. 2010), the Ninth Circuit affirmed the § 303(I) fee judgment in part and reversed it in part.

Specifically, the Ninth Circuit affirmed the § 303(I) fee judgment as against the petitioning creditors. Id. at 460. It also affirmed that portion of the § 303(I) fee judgment against Grammar and Tedder for the attorney's fees and costs SCSD and IBT incurred in obtaining dismissal of the involuntary petitions. Id.

The Ninth Circuit determined that the bankruptcy court did not err by awarding attorney's fees incurred by SCSD and IBT in pursuing their claims under § 303(i)(1) and (2), as § 303(i)(1) was a fee shifting provision. Id. at 463. It pointed out that in statutory fee cases, it has held that time spent in establishing entitlement to and the amount of attorney's fees was compensable under § 303(i)(1). Id. (citing In re Nucorp Energy, Inc., 764 F.2d 655, 659-60 (9th Cir. 1985)). Relying on Comm'r

-5-

v. Jean, 496 U.S. 154 (1990), the Ninth Circuit further reasoned that in fee shifting statutes, such as § 303(I), a fee award presumptively encompassed all aspects of the civil action.  Id.

It reversed that portion of the § 303(I) fee judgment against Grammar and Tedder for costs and fees incurred by SCSD and IBT on the § 303(I) fee motions themselves.  Id.  Based on Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990), the Ninth Circuit held that sanctions must be limited to the costs of opposing the offending pleading or motion.  Id. at 466.  It concluded that the bankruptcy court erred by holding Grammar and Tedder personally liable for the costs and fees incurred by SCSD and IBT on their post-dismissal motions.  Id. at 467.

Back before the bankruptcy court, SCSD and IBT filed their post-judgment fee motions.  They sought attorney's fees and costs incurred in defending the appeal of the § 303(I) fee judgment before the district court and the Ninth Circuit and in moving for an award of post-judgment attorney's fees and costs.[8]  They also sought attorney's fees and costs incurred from and after July 2011 in preparing and prosecuting the post-judgment fee motions. Id.

Relying on North Sports, Inc. v. Knupfer (In re Wind N' Wave), 509 F.3d 938 (9th Cir. 2007), SCSD and IBT contended that where a party obtained an award under a fee shifting statute and then was required to defend the award on appeal, that party was entitled to attorney's fees and costs on appeal so as not to

---

[8] For the period from January 2006 to July 2011, SCSD sought $185,464.50 in attorney's fees and $8,479.74 in costs, and IBT sought $66,648.50 in attorney's fees and $998.59 in costs.

-6-

dilute the award.

In Wind N' Wave, the petitioning creditors filed a successful involuntary chapter 7 petition against the debtor. They later moved for an award of attorney's fees under § 503(b)(4)("§ 503(b)(4) fee motion"), which the bankruptcy court denied. The Wind N' Wave petitioning creditors appealed to this Panel, which reversed the bankruptcy court's denial of their § 503(b)(4) fee motion. The case was remanded to the bankruptcy court for a determination as to the appropriate award of attorney's fees.

The Wind N' Wave petitioning creditors later moved for an award of attorney's fees incurred in the appeal of their § 503(b)(4) fee motion to this Panel ("appellate fees motion"). The Panel summarily denied the Wind N' Wave petitioning creditors' appellate fees motion. They then appealed the appellate fees motion denial to the Ninth Circuit.

The Ninth Circuit in Wind N' Wave determined that the Panel erred in denying the appellate fees motion. It vacated and remanded to this Panel with instructions to clarify that the denial was without prejudice to the petitioning creditors seeking an award under § 503(b)(4) from the bankruptcy court.

Relying on In re Nucorp Energy, 764 F.2d 655 (9th Cir. 1985), and Smith v. Edwards & Hale, Ltd. (In re Smith), 317 F.3d 918 (9th Cir. 2002),[9] the Ninth Circuit held that fees and costs incurred in connection with litigation over fees awarded under

_____

[9] Smith dealt with an award of attorney's fees incurred in defending against a frivolous challenge to an authorized fee application made under § 330(a). See Smith, 317 F.3d at 928-29.

-7-

§ 503(b)(4) were compensable so long as (1) the services for which the fees were sought met the requirements of § 503(b)(4); and (2) the case exemplified a set of circumstances where the time and expense incurred by the litigation were necessary. It reasoned that litigation over fee awards should be compensable. Otherwise they would be diluted. If an attorney had to spend time litigating his or her fee claim but might not be compensated for that time, the Ninth Circuit in Wind N' Wave continued, the attorney's effective rate for the hours spent on the bankruptcy case would be decreased.

The Ninth Circuit determined that the attorney's fees the Wind N' Wave petitioning creditors sought met the statutory requirements because the Wind N' Wave petitioning creditors established an allowable expense under § 503(b)(3)(filing an involuntary petition under § 503(b)(3)(A)), and the attorney's fees for the appellate services performed were reasonable. It further determined that the litigation was necessary because appeal of the bankruptcy court's denial of their request for attorney's fees was the only way through which the Wind N' Wave petitioning creditors could recover their attorney's fees.

The petitioning creditors opposed SCSD and IBT's post-judgment fee motions, contending that Wind N' Wave was inapplicable as it dealt with § 503(b), not § 303(i). They pointed out that the Ninth Circuit already addressed attorney's fees and costs incurred on appeal within the context of § 303(i) in Higgins v. Vortex Fishing Sys., Inc., 379 F.3d 701 (9th Cir. 2004). The petitioning creditors argued that, under Higgins, only trial-level costs and fees were recoverable under § 303(I).

-8-

In Higgins, the debtor sought an award under § 303(i) for attorney's fees and costs incurred in litigating dismissal of the involuntary chapter 7 petition. The debtor also sought an award of attorney's fees and costs in defending against the petitioning creditors' subsequent appeal of the dismissal. The Ninth Circuit determined that the bankruptcy court did not err in awarding the debtor attorney's fees and costs related to the initial litigation. It determined that the bankruptcy court erred, however, in awarding attorney's fees and costs related to the appeal of the dismissal of the involuntary chapter 7 petition.

The Ninth Circuit relied on its earlier decision, State of Cal. Emp. Dev. Dep't v. Taxel (In re Del Mission Ltd.), 98 F.3d 1147 (9th Cir. 1996), in making its determination. The Ninth Circuit in Del Mission held that Rule 38 of the Federal Rules of Appellate Procedure ("FRAP") was the only authority for awarding discretionary appellate fees in bankruptcy appeals. It reasoned that a bankruptcy court's express discretionary authority to award fees at the trial level should not be inferred at the appellate level. Thus guided by Del Mission, the Ninth Circuit in Higgins determined that § 303(i)(1) "which expressly grant[ed] discretionary authority to award [attorney's] fees at the trial level, should not be construed to grant similar authority to award [attorney's] fees at the appellate level." Higgins, 379 F.3d at 709.

However, the petitioning creditors continued, if Higgins and Wind N' Wave were found to be in conflict despite the fact that they address different sections of the Bankruptcy Code, only the Ninth Circuit sitting en banc could reverse Higgins.

At the October 20, 2011 hearing on the post-judgment fee motions, the bankruptcy court found that it was bound by the Ninth Circuit's decision in Higgins. It acknowledged that although Higgins and Wind N' Wave were similar in that they both dealt with fee shifting statutes, Higgins specifically addressed § 303(I). The bankruptcy court reasoned that "where there [was] a specific statute that [was] being analyzed and it [was] the statute that [it] had to look to to make the decision regarding the award of fees," it was bound by that Ninth Circuit decision, even though other Ninth Circuit decisions had arrived at different conclusions on similar fee shifting statutes. Tr. of October 20, 2011 hr'g, 12:23-25, 13:1-3. See also Tr. of October 20, 2011 hr'g, 14:6-10 ("[W]hen it's the [N]inth [C]ircuit and they're making that statement and it seems pretty clear to [the bankruptcy court] and it seems fairly unequivocal, and it's interpreting, you know, the exact statute that [the bankruptcy court has] to apply, that's where [it] come[s] out."); Tr. of October 20, 2011 hr'g, 15:2-4. It determined that

> the language [in Higgins looked] fairly conclusive and it look[ed] fairly general in terms of the [Ninth Circuit] making the distinction between trial level costs and fees and appellate cost [sic] and fees, and as to the parameters of where this Court can go in terms of awarding fees under [§] 303(I), [the bankruptcy court could not] see a way around that decision.

Tr. of October 20, 2011 hr'g, 13:8-13. The bankruptcy court found that the ruling in Higgins was "pretty definitive and it look[ed] like the [Ninth Circuit was] absolutely making a distinction legally between what's allowable under [§] 303(I) and what [wasn't]." Tr. of October 20, 2011 hr'g, 14:1-4.

-10-

The bankruptcy court admitted that it did not agree with the holding in Higgins because it believed that if a party could recover trial fees and costs, that party should be able to recover appellate fees and costs. It observed that even the Ninth Circuit seemed conflicted by its determination, but it recognized that it was bound by the language of § 303(I).

On November 23, 2011, the bankruptcy court entered an order denying the post-judgment fee motions ("post-judgment fee order").[10] SCSD and IBT timely appealed.

JURISDICTION[11]

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

ISSUE

Did the bankruptcy court err in declining to award SCSD and IBT attorney's fees and costs incurred defending against the appeal of the § 303(I) fee judgment?

STANDARD OF REVIEW

We review de novo the bankruptcy court's conclusions of law,

---

[10] It explicitly stated in the post-judgment fee order that it was bound by Higgins in making its determination.

[11] IBT and SCSD moved for certification for direct appeal to the Ninth Circuit, which the Panel granted by order filed March 19, 2012. Approximately one month later, IBT and SCSD notified the Panel that they would not seek direct appeal to the Ninth Circuit, as they realized that the chapter 11 involuntary petition had been filed before the effective date of BAPCPA. (Under 28 U.S.C. § 158, amended by BAPCPA, parties can seek certification for direct appeal from the bankruptcy court to the Ninth Circuit.)

-11-

including its interpretation of the Bankruptcy Code. <u>Southern California Sunbelt Devs., Inc.</u>, 608 F.3d at 461. "We will not disturb a bankruptcy court's award of attorney's fees unless the [bankruptcy] court abused its discretion or erroneously applied the law." <u>Id.</u>

**DISCUSSION**

We face an interesting legal dilemma on appeal: How do we reconcile two seemingly contrary Ninth Circuit precedents involving two similar fee shifting provisions of the Bankruptcy Code? <u>Wind N' Wave</u> deals with the grant of an award of appellate fees under § 503(b)(4) while <u>Higgins</u> deals with the denial of an award of appellate fees under § 303(i)(1).

**A.     Further examination of <u>Wind N' Wave</u> and <u>Higgins</u>**

As we summarized above, the Ninth Circuit in <u>Wind N' Wave</u> held that creditors' attorneys may receive compensation for litigation over a fee award under fee shifting provisions, even when those provisions did not expressly allow for it. <u>Wind N' Wave</u>, 509 F.3d at 942. Citing <u>Nucorp</u> and <u>Smith</u>, the Ninth Circuit reasoned that "litigation over a fee award should also be compensable, otherwise fee awards would be diluted: If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased." <u>Id.</u> at 943 (quoting <u>Prandini v. Nat'l Tea Co.</u>, 585 F.2d 47, 52-53 (3rd Cir. 1978)(internal quotation marks omitted)). Notably, the Ninth Circuit recognized in <u>Wind N' Wave</u> that it made its pronouncement in <u>Nucorp</u> in dicta.

The Ninth Circuit in Wind N' Wave acknowledged that it was dealing with § 503(b)(4), which involved compensation for creditors' attorneys, whereas Smith dealt with § 330(a), which involved compensation for debtors' attorneys. It managed to reconcile Wind N' Wave and Smith, however, by determining that, although the two provisions dealt with different kinds of attorney's fees, they had the same meaning because they both contained nearly identical language. Wind N' Wave, 509 F.3d at 944-45.

The Ninth Circuit in Higgins took a different tack in dealing with an award of appellate attorney's fees incurred in defending an award of attorney's fees under § 303(i)(1). There, the Ninth Circuit held that, although § 303(i)(1) gave bankruptcy courts discretionary authority to award attorney's fees at the trial level, it did not grant them similar authority to award attorney's fees at the appellate level. Higgins, 379 F.3d at 709. The Ninth Circuit cited Del Mission in support of its holding.

Del Mission dealt with this Panel's award of appellate fees as a sanction under § 105(a). In Del Mission, the bankruptcy court earlier ordered the California Employment Development Department and the State Board of Equalization (collectively, the "State") to repay the chapter 7 bankruptcy estate certain taxes, as the State had violated the automatic stay under § 362(a)(3). The State failed to comply while the underlying bankruptcy case was on appeal. The chapter 7 trustee consequently sought to hold the State in civil contempt and to impose sanctions in the form of his attorney's fees and costs for having to enforce the

-13-

automatic stay on appeal. The bankruptcy court denied the chapter 7 trustee's request to impose sanctions, determining that it had no legal authority to award fees incurred on prior appeals. This Panel reversed the bankruptcy court, awarding the chapter 7 trustee the fees and costs he incurred in the prior appeals.

The Ninth Circuit in <u>Del Mission</u> reversed this Panel, holding that § 105(a) did not authorize bankruptcy courts to award previously incurred appellate fees. It relied on <u>Vasseli v. Wells Fargo Bank (In re Vasseli)</u>, 5 F.3d 351 (9th Cir. 1993), which held that bankruptcy courts lacked authority to award appellate attorney's fees under § 523(d). In <u>Vasseli</u>, the Ninth Circuit relied on FRAP 38 in support of its holding. The Ninth Circuit determined that FRAP 38 authorizes only appellate courts, not bankruptcy courts, to award attorney's fees and other expenses incurred by an appellee in response to a frivolous appeal. <u>Vasseli</u>, 5 F.3d at 353. The Ninth Circuit held that while § 523(d) authorized attorney's fees for the debtor, "it [did] not grant the bankruptcy court authority to award attorney's fees to the debtor for appellate representation . . . ." <u>Id.</u> The Ninth Circuit moreover determined that appellate courts lacked authority "to delegate this power" to bankruptcy courts. <u>Id.</u>

Applying the holding of <u>Vasseli</u>, the Ninth Circuit in <u>Del Mission</u> concluded that a bankruptcy court's express discretionary authority under § 105(a) to award fees at the trial level did not extend to allow it to award fees at the appellate level. <u>Del Mission</u>, 98 F.3d at 1153-54. The Ninth Circuit further reasoned

-14-

that using § 105(a) as a device to award appellate fees would overlap with FRAP 38. Id. at 1154.

The Ninth Circuit in Del Mission noted that its holding was "limited to awards of discretionary appellate fees in bankruptcy proceedings." Id. at 1154 n.7 (emphasis added). It did not consider whether other bankruptcy provisions might expressly authorize an award of appellate fees. Id.

The Ninth Circuit in Higgins acknowledged in a footnote that its holding created "a discrepancy." Id. at 709 n.3. It recognized that "[d]espite Congress's clear intent to award attorney's fees and costs to an alleged debtor who successfully defends [against] an involuntary bankruptcy [petition], the debtor remain[ed] exposed to appellate attorney's fees unless it [could] be demonstrated that the appeal was frivolous under [FRAP] 38." Id. The Ninth Circuit concluded, however, that only Congress could rectify the discrepancy. Id.

**B. SCSD and IBT's arguments on appeal**

SCSD and IBT insist that Higgins does not apply because it is factually distinguishable from their case. They contend that, contrary to the bankruptcy court's determination, Higgins is not the controlling Ninth Circuit authority because it dealt with appellate fees incurred from the appeal of an order by the bankruptcy court dismissing the involuntary chapter 7 petition. Their case deals, however, with appellate fees incurred in defending an award of attorney's fees and costs granted by the bankruptcy court. SCSD and IBT urge us to read Higgins narrowly; it should be read only as precluding an award of appellate fees incurred in an appeal of the merits of an involuntary bankruptcy

-15-

petition. They argue that because the facts of their case are nearly identical to those in <u>Wind N' Wave</u>, <u>Wind N' Wave</u> should control.

**C.   <u>Higgins</u> controls**

As SCSD, IBT and the petitioning creditors recognize, circuit law "binds all courts within a particular circuit." <u>Hart v. Massanari</u>, 266 F.3d 1155, 1171 (9th Cir. 2001). Once a panel of circuit judges "resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the [circuit] court itself sitting en banc, or by the Supreme Court." <u>Id.</u>

> Binding authority within this regime cannot be considered and cast aside; it is not merely evidence of what the law is. Rather, caselaw on point <u>is</u> the law. If a court must decide an issue governed by a prior opinion that constitutes binding authority, the later court is bound to reach the same result, even if it considers the rule unwise or incorrect. Binding authority must be followed unless and until overruled by a body competent to do so.

<u>Id.</u> at 1170 (emphasis in original). <u>See also</u> <u>id.</u> at 1175 ("A district court bound by circuit authority, for example, has no choice but to follow it, even if convinced that such authority was wrongly decided.").

In determining whether we are bound by an earlier decision, we must consider the "reason and spirit of the cases" and "the letter of particular precedents." <u>Id.</u> (quoting <u>Fisher v. Prince</u>, 97 Eng. Rep. 876, 876 (K.B. 1762)(internal quotation marks omitted)). We thus consider "the rule announced . . . the facts giving rise to the dispute, other rules considered and rejected and the views expressed in response to any dissent or concurrence." <u>Id.</u> "Insofar as there may be factual differences between the current case and the earlier one, [we] must determine

-16-

whether those differences are material to the application of the rule or allow the precedent to be distinguished on a principled basis. [We] occasionally must reconcile seemingly inconsistent precedents and determine whether the current case is closer to one or the other of the earlier opinions." Id. at 1172.

We recognize the tension between Wind N' Wave and Higgins. We agree with the bankruptcy court that a party should be able to recover appellate fees and costs if that party can recover trial fees and costs. As the Ninth Circuit in Wind N' Wave reasoned, any litigation over an award of attorney's fees should be compensable. Otherwise the attorney's fees awarded will be diluted. But, like the bankruptcy court, we are bound to follow Higgins, a Ninth Circuit decision that directly addresses the issue before us: whether the bankruptcy court has the authority to award appellate attorney's fees incurred in defending against an appeal of an award of attorney's fees already granted under § 303(I).[12] The Ninth Circuit in Higgins decreed that a bankruptcy court lacks such authority.

As the bankruptcy court pointed out, the Ninth Circuit in Higgins expressed uneasiness with its ruling. The Ninth Circuit realized that its ruling in Higgins created a discrepancy in the case law. But it felt constrained by the language of § 303(i)(1), which the Ninth Circuit read as providing a

---

[12] SCSD and IBT argue that the circumstances underlying the appeal of the award of attorney's fees and costs are the distinguishing factor. Unlike Higgins, their case does not involve appellate fees and costs incurred from the appeal of a dismissal of an unwarranted involuntary bankruptcy petition. But we consider this to be a distinction without a difference.

-17-

bankruptcy court only discretionary authority to award fees at the trial level and not on appeal. It thus called upon Congress to remedy the inconsistency in the law.

We cannot read Higgins as narrowly as SCSD and IBT ask us to do. It is a case that is directly on point with the issue before us on appeal. We cannot and will not attempt to circumvent it. The bankruptcy court did not err in applying Higgins to determine that it lacked authority to award SCSD and IBT appellate fees and costs.

## CONCLUSION

Based on our reading of Higgins, we conclude that it is the controlling authority in the appeal before us. The bankruptcy court thus did not err in declining to award SCSD and IBT appellate fees and costs incurred in defending against the appeal of the § 303(I) fee judgment. We AFFIRM.